

FILED

**NOT FOR PUBLICATION**

JUN 24 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MONIQUE DOLLONNE,

        Plaintiff - Appellant,

  v.

VENTURA UNIFIED SCHOOL
DISTRICT, acting by and through its
officials; et al.,

        Defendants - Appellees.

No. 09-55260

D.C. No. 2:06-cv-01138-R-CT

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 7, 2011
Pasadena, California

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and SEABRIGHT,
District Court Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable J. Michael Seabright, District Court Judge for the U.S. District Court for Hawaii, sitting by designation.

Monique Dollonne appeals the district court's order dismissing her first amended complaint against the Ventura Unified School District (the District) and several of its employees in their individual and official capacities for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). She also challenges the district court's denial of leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and affirm the district court.

We review de novo the district court's decisions to grant a motion to dismiss under rule 12(b)(6), and to recognize Eleventh Amendment immunity. *Eason v. Clark Cnty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2002). The district court dismissed Dollonne's claims against the District pursuant to *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992), concluding that California school districts are arms of the state and thus immune from suit under the Eleventh Amendment. Dollonne contends that *Belanger* does not compel Eleventh Amendment immunity in her case, that the District had the burden of coming forward with facts to prove that it remains immune from suit, and that she should have been permitted to conduct discovery into the District's relationship with the state. We disagree. Courts continue to rely on *Belanger* for the purposes of establishing Eleventh Amendment immunity. *See Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d

2

1116, 1122–23 (9th Cir. 2007); *Kirchmann v. Lake Elsinore Unified Sch. Dist.*, 100 Cal. Rptr. 2d 289, 291 (Ct. App 4th 2000). Dollonne makes no factual allegations that the relationship between California school districts and the state has changed in the ensuing years. In this case, discovery to further develop the school district's immunity from suit is unwarranted. *See Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985) (noting that immunity from suit protects government officials not only from trial but also from pre-trial burdens such as discovery). The district court did not err in dismissing Dollonne's claims against the District.

A district court's decision to grant qualified immunity, including whether the rights at issue were clearly established at the time of the events, is reviewed de novo. *See Elder v. Holloway*, 510 U.S. 510, 516 (1994). We express no opinion as to whether or not school employees violated Dollonne's constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 820–21 (2009). Nevertheless, the individual employees are entitled to qualified immunity, because, at the time of the events in question, no clearly established law would have given school officials notice that their conduct violated any constitutional right. *Id.* at 823.

Denial of leave to amend is reviewed for abuse of discretion. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The discretion is particularly broad where a plaintiff has previously been permitted to amend. *See Chodos v. W.*

*Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Dollone has previously amended, and, because all defendants are immune from suit, any further amendment would be futile. *Johnson*, 356 F.3d at 1077.

**AFFIRMED.**